Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000414
07-NOV-2011
09:14 AM

NO. CAAP-11-0000414

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ROY HASHIMOTO, Plaintiff-Appellant, v.
COUNTY OF KAUAI, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 11-1-0028 JKW)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of the record, it appears that we lack jurisdiction over this appeal that Plaintiff-Appellant Roy Hashimoto (Appellant) has asserted from following two orders that the Honorable Kathleen N.A. Watanabe entered:

(1)     an April 28, 2011 "Order Granting Defendant County of Kaua'i's Motion to Dismiss Complaint Filed February 9, 2011, Filed on March 10, 2011"; and

(2)     an April 28, 2011 "Order Granting Defendant County of Kaua'i's Motion to Render Judgment in Accordance to the Decisions of the Director of Labor and Industrial Relations Filed on March 22, 2011[.]"

As explained below, the circuit court has not yet reduced these two orders to a separate judgment document that resolves all claims against all parties in this case pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115 119,

869 P.2d 1334, 1338 (1994).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The Supreme Court of Hawai'i has promulgated HRCP Rule 58, which specifically requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58 (emphasis added). Based on this requirement under HRCP Rule 58, the supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). For example, in Jenkins, the Supreme Court of Hawai'i dismissed an appeal from orders granting defendants' motions to dismiss a complaint and an amended complaint, because the circuit court had not yet reduced the dismissal orders to a

separate judgment. <u>Jenkins</u>, 76 Hawai'i at 117, 869 P.2d at 1336. In another case involving a dismissal, the Supreme Court of Hawai'i explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a <u>separate</u> document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a <u>separate</u> document.'" <u>Price v. Obayashi Hawaii Corporation</u>, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphases added).

Neither of the two April 28, 2011 orders is a judgment, and the circuit court has not yet reduced the two April 28, 2011 orders to a separate judgment, as HRCP Rule 58 requires. On July 18, 2011, the record on Appeal No. CAAP-11-0000414 was filed, at which time the record on appeal did not contain a separate judgment document. Absent a separate judgment, Appellant's appeal is premature and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that Appellate No. CAAP-11-0000414 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, November 7, 2011.

Chief Judge

Associate Judge

Associate Judge